Stewart, C. J.
It is claimed by the defendant in error that the judgment *243 of the court below should be affirmed, for the reason that the contract set forth in the amended petition, if enforced, would result in an unreasonable restraint of trade, and therefore be inimical to the interests of the public. If this is a true statement of the effect to be given to this contract, the claim of the defendant in error must be sustained. In the solution of the question in this case, we may start with the statement of the law as laid down by Shauck, J., in Cordage Co. v. Cordage Co., 6 O. C. C. R. 615, 621, “ that every contract is void, whose only purpose is to place a restraint upon trade, however narrow may be the field of its operation;” citing Coal Co. v. Coal Co., 68 Pa. St. 173. This is the form in which all modern authorities state the rule, and thus make it a decided departure from the law which was first announced in the Year Books as that “all stipulations in restraint of trade are void.” To follow in detail the changes through which this rule passed, and the modifications put upon it, in accordance with the changed condition of society and the increased facilities for communication among men, would not be profitable, for we are only concerned with the law as it now is, and we think the principles applicable to this case have been settled by the decisions of our own Supreme Court. In the case of Lange v. Werk, 2 Ohio St. 519, Ranney, J., at p. 528, quotes from Mitchell v. Reynolds, 1 P. Williams, 181, as a correct statement of the law, the following : “ In all restraints of trade, where nothing more appears, the law presumes them bad ; hut if the circumstances are set forth, that presumption is excluded, and the court is to judge of those circumstances and determine accordingly ; and if upon them it appears to be a just and honest contract, it ought to be maintained.” And further, in order to show the light in which the modification or addition to the old rule, announced in the case of Mitchell v. Reynolds, supra, should be regarded, the same judge quotes from the opinion of Tindal, Ch. J., in Horner v. Graves, 7 Bing. 743, as follows : “We cannot see how *244 a better test can be applied to the question, whether the restraint is reasonable or not, than by considering whether the restraint is such only as to afford a fair protection to the interests of the party, in favor of whom it is given, and not so large as to interfere with the interests of the public. Whatever restraint is larger than the necessary protection of the party, can be of no benefit to either: it can only be oppression, and if oppression, it is in the eye of the law unreasonable. Whatever is injurious to the interests of the public is void, on the ground of public policy.” The principles laid down in the cases from which these quotations are made, are approved and applied in the determination of this case of Lange v. Werk, supra, and also in Grasselli v. Lowden, 11 Ohio St. 349; Salt Company v. Guthrie, 35 Ohio St. 666, and Morgan v. Perhamus, 36 Ohio St. 517, and nr-’ therefore be regarded as the law bv which the validity the contract in the case at bar is to be tested. An examination of its terms shows that it is not void by reason of its being in total restraint of trade, as was the contract in the case of Salt Company v. Guthrie, supra, and in view of all the allegations of the amended petition cannot be regarded as having been entered into for the purpose of creating a monopoly, and therefore void within the principles of Emery v. Candle Co., 47 Ohio St. 320, and Cordage Co. v. Cordage Co., supra. The remaining tests to be applied to this contract are, whether under all the circumstances the restraint imposed upon the defendant was bona fide for the fair protection of the business of the plaintiff, and are the limits of the restraint reasonable looking to the nature and extent of plaintiff's business. One objection which is urged to this contract is, that as the defendant was only engaged in business in Xenia, it was unreasonable to require him to agree not to engage in the business of selling and delivering oil or gasoline, after the manner in which plaintiff's business was conducted, for five years within the State of Ohio, outside the city of Cleveland. In making this objection it seems to us that the *245 defendant loses sight of the well established principle that such contracts are for the protection of the vendee ; he buys the established business of the defendant at the particular place, but to obtain the full benefit of his purchase may, as a part of such contract, make the additional stipulation, that the vendor shall not engage in the business, and this stipulation may. be for such time and space as the nature and extent of the vendee’s business may require for his fair protection, regardless of the place or extent of the vendor’s business. 3 Amer. & Eng. Enc., 882, and notes; Ellerman v. R. R., (N. J. Eq.) 23 Atl. Rep. 287. The plaintiff alleges that prior fo the making of this contract, and at the time of bringing the suit, it was engaged in the business of selling and delivering oil and gasoline at the houses of consumers throughout the State of Ohio, outside the city of Cleveland,' and that it expects and intends to continue in said business over said territory, and all of it; that defendant was engaged in the same business in the city of Xenia at the time of making the contract, and had been long prior thereto; that for a valuable consideration the defendant sold and transferred all his chattels, his oil and gasoline plant and good will, and at the same time, as incident to said sale and transfer, agreed not to carry on or be engaged in said business in any form or manner within the state of Ohio outside the city of Cleveland, for the space of five years immediately succeeding the making of said contract; that plaintiff has performed all the conditions of the contract on its part to be performed, but defendant has violatedhis contract by engaging in the business of selling and delivering oil and gasoline at the houses of consumers within said territory; that defendant is insolvent, and prays for an injunction. That the remedy by injunction is the proper method of procedure, is laid down in the case of Morgan v. Perhamus, supra. It thus appears that the only restraint placed by the contract upon defendant was that he should not engage in the business within the territory where the plaintiff was conducting its business. That it con *246 sidered it necessary to make this stipulation to protect the business which it had established and was carrying on, and intended to carry on, is obvious ; and that it was not an unreasonable requirement, seems to us equally clear. We have then, a bona fide purchase of the good will and plant of an established business by a company engaged in and expecting to continue to engage in the same business over a specified territory; as incident to the purchase and transfer the agreement by the vendor not to engage in the same business within the territory in which the vendee is carrying on this business for five years; performance by the vendee; a breach of the contract by the insolvent vendor; and no infringement of the rights of the public. Tested by the rules governing such contracts, we find nothing legally objectionable in this contract, and are satisfied upon reason, and authority that if the plaintiff can sustain the allegations of the amended petition it will be entitled to the relief prayed for. It follows then that the court below erred in sustaining the demurrer to the amended petition, and for that error the judgment will be reversed,, the demurrer overruled, and the cause remanded for further proceedings.
Nash & Lentz and Little & Spencer, for plaintiff.
Nesbitt & Hartley and Chas. H. Kyle, for defendant.